James R. White v. Commissioner.
White v. Commissioner
Docket No. 57040.
United States Tax Court
T.C. Memo 1956-264; 1956 Tax Ct. Memo LEXIS 22; 15 T.C.M. (CCH) 1393; T.C.M. (RIA) 56264; November 30, 1956
*22 Peter M. Gunnar, Esq., Pioneer Trust Building, Salem, Ore., for the petitioner. John D. Picco, Esq., for the respondent. LEMIRE Memorandum Findings of Fact and Opinion The respondent determined a deficiency in income tax of the petitioner for the year 1951 in the amount of $144. The sole issue presented is whether the petitioner is entitled to a dependency credit for his minor daughter, Karen Marie White. Findings of Fact The stipulated facts are found accordingly. Petitioner is a resident of Salem, Oregon. He filed his return for the taxable year 1951 with the collector of internal revenue for the district of Oregon. On April 23, 1949, petitioner was married to Geraldine Ann Majeski. Later in that year petitioner and his wife were permanently separated. On September 10, 1950, a daughter, Karen Marie White, was born to the marriage. On July 10, 1951, by a decree of the Circuit Court of Marion County, Oregon, the marriage was dissolved and custody of the child was awarded to the mother. By the decree petitioner was required to pay to the Clerk of the Circuit Court the sum of $50 each month, commencing with the month of May, for the support and maintenance *23 of the daughter during her minority or until further order of the Court. Pursuant to the decree petitioner paid the total sum of $350 during the year 1951, but made no other expenditures for the support and maintenance of the child during that year. The child had no independent income. After the petitioner and his wife separated she lived with her parents, and after the birth of her daughter and until November 30, 1951, she and the child continued to reside with her parents. On August 2, 1951, petitioner's former wife obtained employment and on December 1 she rented an apartment for $50 per month. She employed a housekeeper to care for her child, for which services she paid the housekeeper $50 and board. During 1951 petitioner's former wife paid her parents $15 per month for food and lodging which they furnished to her daughter, Karen, for the period January through May, and $50 per month from June through November, totalling $375. The former wife of petitioner had receipts of money totalling $2,422.74 consisting of $1,000 lump sum alimony, $200 for her support pendente lite, $872.74 in wages, and $350 from petitioner for support of their daughter, Karen. On her income tax *24 return the former wife claimed and was allowed a dependency deduction for her daughter, Karen. Upon audit of her return in 1954, the former wife furnished the respondent with an itemized list of the amounts expended by her during 1951 for the support and maintenance of Karen, including clothing, medical fees, medicines, and infant equipment. Bills or receipts were submitted covering a part of the items listed; the quantity and cost of the balance was from estimates and was based on memory. The aggregate cost of the items listed totalled $968.52. The cost of support and maintenance of petitioner's daughter, Karen, furnished by her mother in the taxable year 1951 was in excess of $800, of which amount petitioner paid only $350. Opinion LEMIRE, Judge: The only question is, did petitioner contribute more than one-half the support of his minor daughter, Karen, during the taxable year 1951. The question is one of fact and petitioner has the burden of proof. We are not unmindful that in a case such as here under consideration, where the parents are divorced and the mother has custody of the dependent, the burden of establishing the statutory requirement is rendered more difficult. *25 Petitioner concedes that he has no physical evidence of the total amount actually expended for the support of the dependent in the taxable year involved. Petitioner has offered the evidence of experts in child care as to the average cost of support and maintenance of a child of the same age in the area in the year in question. It is argued that as the evidence adduced through expert testimony shows that the average cost of support of such a dependent is less than twice the amount petitioner contributed he has carried his burden of proof. Petitioner called his former wife as a witness and was permitted to cross-examine her as to the expenditures she made in 1951 for the support of her daughter. Since the former wife had made claim for and was allowed the dependency credit for Karen she is not a disinterested witness and her testimony is weighed in the light of such fact. As a witness the former wife appeared to be as helpful as possible, with no indication of vindication. She impressed the Court favorably. Her testimony substantially corroborated an itemized list of expenditures which she furnished to the respondent in 1954 in support of her claim for a dependency credit for Karen, *26 which list was offered in evidence. She frankly admitted that there was available no physical record to substantiate many of the items listed and she had prepared such items from memory and made estimates of their cost. The total amount set forth is $968.52. We have critically examined each item listed as to its character, the quantity, and the allotted cost price. Except as to about four items, the listed items are proper, the quantities modest, and the cost well within the range of reasonableness. It is conceded that the sum of $28.16 for insurance on the life of Karen is not a proper item of support. The $70 for groceries for the month of December appears excessive, and we think the charge for drugs, medicines, and vitamins is too high. These two latter items should be reduced about $35 each. The elimination of those amounts reduces the cost approximately $100, making the total actual cost around $868. We have found as a fact from all of the evidence that the total amount expended in the year 1951 for the support of the dependent, Karen, was not less than $800. Since petitioner contributed only $350 he has not furnished more than one-half the support of Karen during the taxable *27 year in question. We therefore sustain the respondent's disallowance of his claim for dependency credit for Karen. Decision will be entered for the respondent.